UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL ALONZO BROOKS,<br><br>                Plaintiff,<br><br>   v.<br><br>NANCY TENNEY et al,<br><br>                Defendants. | Case No. C23-00219-LK-SKV<br><br>REPORT AND RECOMMENDATION |

Plaintiff Carl Alonzo Brooks is a state prisoner confined at Coyote Ridge Corrections Center in Connell, Washington. Dkt. 1-1. He filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 alleging that Defendants provided him with ineffective assistance of counsel in 2006 and 2007. *Id.*

Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that Plaintiff's complaint and this case be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

BACKGROUND

On or about January 13, 2023, Plaintiff filed the current complaint in King County Superior Court. Dkt. 1-1. The complaint names Assistant Federal Public Defender Nancy

REPORT AND RECOMMENDATION - 1

Tenney and former Federal Public Defender for the Western District of Washington Thomas Hillier II as Defendants. *Id.* Defendants removed the case to the United States District Court on February 17, 2023. Dkt. 1.

The complaint alleges that Defendants represented Plaintiff in 2006 and 2007 on appeal of his petition for habeas corpus to the Ninth Circuit Court of Appeals. Dkt. 1-1. Plaintiff states that,

> [o]n January 01, 2023, I (Brooks) have served total forty-six (46)-years in confinement; In (1987) the Indeterminate Sentence Review Board (ISRB) calculated my (Brooks) SRA of (1981) combined total would have been (39)-years (2)-months if I would have been resentenced before or after the (2001) Legislative of the law requiring the ISRB would cease to exist on June 30th, 2008.

*Id.* He claims that Defendants violated his rights under 42 U.S.C. § 1983 because they failed to argue before the Ninth Circuit

> that after I (Plt. Brooks) served the SRA of (1981) Sentence Calculation that I (Plt. Brooks) would be able to sue for injury to access to the superior court right because my (Plt. Brooks) SRA of (1981) Release date was January-February (2017). Defs. Tenney and Hillier III [sic] owed me (Plt. Brooks) guarantee of attorneys to client services.

*Id.* Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief. *Id.*

In 2018, Plaintiff filed a case in King County Superior Court against Defendant Tenney and First Assistant Federal Public Defender Corey Endo making similar claims regarding their representation of Plaintiff in 2006 to 2007. *See Brooks v. Endo*, No. C18-0658-JCC, 2018 WL 3344594 (W.D. Wash. July 9, 2018). The case was removed to the United States District Court and dismissed at screening for failure to state a claim upon which relief could be granted. *See id.*

REPORT AND RECOMMENDATION - 2

DISCUSSION

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A. Statute of Limitations

Because § 1983 contains no statute of limitations, federal courts apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period "for any other injury to the person or rights of another" detailed in RCW 4.16.080(2) applies to § 1983 claims. *Id.* However, federal law determines when a § 1983 claim accrues. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). To determine when a claim accrues, the federal court focuses on the time at which the challenged acts occurred rather than "the time at which the consequences of the acts became most painful." *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, the complaint alleges that the deficient representation occurred during Plaintiff's appeal of his first habeas petition to the Ninth Circuit in 2006 and 2007. Dkt. 1-1. The Ninth Circuit affirmed the dismissal of Plaintiff's habeas petition on March 5, 2007. *See Brooks v. Miller-Stout*, 224 F. App'x 579 (9th Cir. 2007). Plaintiff therefore knew or should have known of the allegedly deficient representation more than 15 years before this complaint was filed.

REPORT AND RECOMMENDATION - 3

1 Accordingly, the Court recommends dismissing the complaint with prejudice on the grounds that
2 it is untimely and barred by the statute of limitations.

3       B.  <u>State Actors</u>

4       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege his or her federal
5 constitutional or statutory rights were violated by a person acting under color of state law. *West*
6 *v. Atkins*, 487 U.S. 42, 48 (1988). A public defender does not act under color of state law when
7 performing the traditional functions of counsel to a criminal defendant. *Polk County v. Dodson*,
8 454 U.S. 312, 325 (1981); *see also Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003)
9 (en banc) (public defender appointed in criminal case was not state actor even though he was
10 "paid by government funds and hired by a government agency").

11       Here, the complaint indicates that Defendants were Federal Public Defenders who
12 represented Plaintiff on appeal of the dismissal of his federal habeas petition. The complaint
13 alleges that their representation was deficient because they failed to make a specific argument to
14 the Ninth Circuit. Appeal strategy and argument are core functions of appellate counsel to a
15 criminal appellant. Accordingly, the Court concludes Defendants did not act under color of state
16 law in representing Plaintiff on appeal, and the § 1983 claims against them should be dismissed.

17 CONCLUSION

18       For the foregoing reasons, the Court recommends Plaintiff's complaint be DISMISSED
19 with prejudice. Although Plaintiff is a prisoner proceeding *pro se*, leave to amend should be
20 denied at this juncture. The untimeliness of the complaint and the fact Defendants did not act
21 under color of state law are defects that cannot be cured, so amendment of the complaint would
22 be futile. Additionally, because the complaint fails to state a claim upon which relief may be

23

REPORT AND RECOMMENDATION - 4

granted, the Court should count the dismissal as a strike under 28 U.S.C. § 1915(g).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 24, 2023**.

OBJECTIONS

Dated this 1st day of March, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5