UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL ALONZO BROOKS,<br><br>                Plaintiff,<br>   v.<br><br>NANCY TENNEY and THOMAS HILLIER II,<br><br>                Defendants. | CASE NO. 2:23-cv-00219-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

      This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge S. Kate Vaughan, recommending that pro se Plaintiff Carl Alonzo Brooks' civil rights complaint be dismissed with prejudice. Dkt. No. 8 at 1, 4. Mr. Brooks timely objected to the R&R, and Defendants Nancy Tenney and Thomas Hillier II filed a response to his objections. Dkt. Nos. 11, 15. Having reviewed Judge Vaughan's recommendations, Mr. Brooks' objections, Defendants' response, and the balance of the record, the Court adopts the R&R as set forth below.

## I. BACKGROUND

Mr. Brooks is currently incarcerated at Coyote Ridge Corrections Center and nearing his fifth decade of confinement. Dkt. No. 1-1 at 2–3. Defendant Nancy Tenney is an employee of the Federal Public Defender for the Western District of Washington who was appointed to represent Mr. Brooks between 2006 and 2007 in appealing this Court's dismissal of his federal habeas petition. *Id.* at 3; Dkt. No. 1 at 4; *see* Dkt. No. 2-1 at 5, 10. Defendant Thomas Hillier II was the Federal Public Defender for the Western District of Washington at the time. Dkt. No. 1 at 4–5. Mr. Brooks appears to allege that Defendants are liable under 42 U.S.C. § 1983 because they failed to argue before the Ninth Circuit that if the Indeterminate Sentence Review Board ("ISRB") had recalculated his release date to early 2017, he "would be able to sue for injury to access to the Superior Court[.]" Dkt. No. 1-1 at 3–4; *see also* Dkt. No. 9 at 2–3; Dkt. No. 8 at 2.[1]

Mr. Brooks originally filed this lawsuit in King County Superior Court in January 2023. Dkt. No. 1-1 at 2. Defendants removed the action to federal court on February 17, 2023, Dkt. No. 1 at 1, 6–10, and Judge Vaughan issued her R&R on March 1, 2023, Dkt. No. 8 at 1.[2] The R&R recommends dismissing this action with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for two reasons: first, because Mr. Brooks' claims are time-barred under the relevant statute of limitations; and second, because Mr. Brooks has failed to show that Defendants were acting under the color of state law when representing him on appeal. Dkt. No. 8 at 3–4. The R&R further recommends that

---

[1] Mr. Brooks has filed three complaints in this action: (1) his original complaint in King County Superior Court, Dkt. No. 1-1 at 2–5; (2) an amended complaint in this Court on March 3, 2023, Dkt. No. 9 at 1–4; and (3) another "first amended" complaint attached to his motion to correct clerical errors on March 8, 2023, Dkt. No. 10 at 2–5. The factual allegations and relief sought are identical among all three pleadings, but Mr. Brooks' amended complaints add a claim that Defendants conspired with the ISRB. *See* Dkt. No. 9 at 2–3; Dkt. No. 10 at 3–4. For the sake of completeness and in light of Mr. Brooks' pro se status, the Court considers the totality of his pleadings and reaches the same outcome as Judge Vaughan.

[2] Congress has directed courts to review complaints in civil actions "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" as soon as possible, and to dismiss such complaints if they are (1) frivolous, (2) malicious, (3) fail to state a claim upon which relief may be granted, or (4) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b).

this dismissal count as a "strike" against Mr. Brooks under 28 U.S.C. § 1915(g) because his complaint fails to state a claim upon which relief may be granted. *Id.* at 4–5.[3]

In his objections to the R&R, Mr. Brooks contends that Judge Vaughan erred by not issuing an order to show cause or granting him leave to amend prior to recommending dismissal with prejudice, given that factual questions remain with respect to his newly alleged conspiracy claim. Dkt. No. 11 at 1–3; *see id.* at 3 ("[I]t was [an] abuse of discretion for [Judge Vaughan] to recommend dismissal . . . for failure to state a claim[] without first filing a motion for . . . (Brooks) to show cause why [his] lawsuit can state a 'conspiracy with the state ISRB' factual claim against otherwise immune defendants[.]"). Mr. Brooks also objects to the R&R's recommendation that a strike be issued pursuant to 28 U.S.C. § 1915(g) because Judge Vaughan committed "plain error" by not ordering him to show cause prior to recommending dismissal with prejudice. *Id.* at 4–5. Notably, Mr. Brooks does not address the R&R's finding that the factual bases of his claims are time-barred or its conclusion that his pleadings fail to allege that Defendants were acting under the color of state law as required to state a claim under Section 1983. *See generally* Dkt. No. 11.

## II. DISCUSSION

### A. Standard of Review

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

---

[3] Mr. Brooks' litigation history in federal court indicates that he already has at least four strikes. *See Brooks v. Endo*, No. C18-0658-JCC, 2018 WL 3344594, at *2 (W.D. Wash. July 9, 2018); *Brooks v. Indeterminate Sent'g Rev. Bd.*, No. 3:11-CV-05247-RBL, Dkt. No. 8 at 1 (W.D. Wash. May 10, 2011); *Brooks v. Indeterminate Sent'g Rev. Bd.*, No. 3:11-CV-05152-RJB, Dkt. No. 12 at 2 (W.D. Wash. Apr. 11, 2011); *Brooks v. State of Wash.*, No. 3:03-CV-05285-RBL-KLS, Dkt. No. 9 at 1 (W.D. Wash. Sept. 29, 2003); *see also Brooks v. Gregoire*, No. 3:12-CV-06010-BHS, Dkt. No. 7 at 2, (W.D. Wash. Jan. 16, 2013) (finding that Mr. Brooks' had accumulated three strikes under Section 1915(g)). Mr. Brooks is therefore prohibited from proceeding *in forma pauperis* while incarcerated unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

**B.    Mr. Brooks' Pleadings Are Time-Barred, Duplicative of Previously Dismissed Claims, and Fail to State a Claim Upon Which Relief May Be Granted**

Although Mr. Brooks' objections are essentially procedural, the Court has reviewed his subsequent pleadings and the remainder of the record, and for the same reasons outlined in the R&R, concludes that this action should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).[4]

First, Mr. Brooks alleges that Defendants' misconduct occurred in 2006 and 2007. Dkt. No. 1-1 at 3; Dkt. No. 9 at 2; Dkt. No. 10 at 3. As a result, the R&R found that the three-year statute of limitations for bringing a Section 1983 claim based on Defendants' legal representation expired long before Mr. Brooks filed this action. Dkt. No. 8 at 3–4. Mr. Brooks fails to address this aspect of the R&R, and the Court adopts Judge Vaughan's conclusion that his claim "is untimely and barred by the statute of limitations." *Id.* at 4; *see Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981) (three-year limitations period for Section 1983 claims brought in Washington); *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (civil rights claim accrues under federal law "when the plaintiff knows or has reason to know of the injury which is the basis of the action." (cleaned up)).

Second, this is not the first time Mr. Brooks has attempted to bring a claim against Tenney based on her representation during his habeas appeal. *See* Dkt. No. 1 at 3; Dkt. No. 8 at 2; Dkt.

---

[4] Mr. Brooks cites to several cases in his objections, *see* Dkt. No. 11 at 2–4, but none stand for the proposition that his claims should proceed beyond an initial screening if they are time-barred and glaringly deficient. *See, e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 6 (1980) (per curiam) (discussing an award of attorney's fees post-dismissal); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam) (dismissal permitted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (cleaned up)); *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam) (same); *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 32 (1993) (per curiam) (discussing the scope of petitions for certiorari); *Lundquist v. Cont'l Cas. Co.*, 394 F. Supp. 2d 1230, 1245 (C.D. Cal. 2005) (discussing review of ERISA benefit plan administrators' decisions).

No. 15 at 3–4. In 2018, Mr. Brooks filed a case in King County Superior Court against Tenney and First Assistant Federal Public Defender Corey Endo regarding their representation in the same proceedings before the Ninth Circuit. *See Brooks v. Endo*, No. 2:18-CV-00658-JCC, Dkt. No. 1-2 (W.D. Wash. May 4, 2018). That case was also removed to this Court and subsequently dismissed with prejudice because (1) the actions underlying Mr. Brooks' claim (i.e., defendants' legal representation) were barred by Section 1983's statute of limitations, (2) defendants were not acting under color of state law as public defenders, and (3) leave to amend would be futile. *Endo*, 2018 WL 3344594, at *2. To the extent Mr. Brooks' claims in this action were not raised in the prior action, it appears they could have been and are therefore also barred under the doctrine of res judicata. *See W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."); *Shavlik v. Snohomish Cnty. Superior Ct.*, No. C18-1094-JLR, 2019 WL 2616631, at *4 (W.D. Wash. June 26, 2019) (discussing res judicata).

Third, even assuming Mr. Brooks' claims were timely and not precluded by virtue of his previously dismissed 2018 action, the Court concurs with the R&R that Mr. Brooks has failed to state a claim upon which relief may be granted and that leave to amend would be futile. Dkt. No. 8 at 4–5.[5] Mr. Brooks does not dispute the R&R's reasoning that under Section 1983, a plaintiff must allege a violation by a person acting under color of state law, and that "[a] public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant." Dkt. No. 8 at 4 (citing, *inter alia*, *Miranda v. Clark Cnty.*, 319 F.3d 465, 468

---

[5] Mr. Brooks' contention that by waiving the civil filing fee, the King County Superior Court somehow "found that [he] could prosecute defendants Tenney and Hill[i]er II without being accused of filing a malicious or frivolous lawsuit," Dkt. No. 11 at 4, is not supported by the record and not relevant to the R&R's findings. *See id.* at 8–9 (superior court order waiving fee because Mr. Brooks is indigent); *see also* Dkt. No. 1 at 2–3 (noting that the Washington State Attorney General's Office webpage lists at least six "strikes" for Mr. Brooks pursuant to Wash. Rev. Code § 4.24.430).

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 5

(9th Cir. 2003) (en banc)). Mr. Brooks' addition of an accusation that Defendants provided unsatisfactory representation because they were conspiring with the ISRB does not save his claim, as it merely mixes a legal conclusion into the same factual allegations. *See* Dkt. No. 9 at 2–3; Dkt. No. 10 at 3–4; *see also* Dkt. No. 11 at 11–12 (Mr. Brooks' declaration further outlining his conspiracy claim).

Accordingly, the Court dismisses this action with prejudice. *See, e.g.*, *Sanchez v. Los Angeles Dep't of Transp.*, 39 F.4th 548, 562 (9th Cir. 2022) ("A district court may dismiss a complaint without leave to amend if the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." (cleaned up)).

### III. CONCLUSION

The Court, having reviewed Mr. Brooks' pleadings, the R&R, his objections to the R&R, and the remaining record, hereby finds and ORDERS:

1. The Court OVERRULES Mr. Brooks' objections, Dkt. No. 11, and ADOPTS the Report and Recommendation, Dkt. No. 8.
2. This case is DISMISSED with prejudice.
3. Mr. Brooks' Motion to Correct Clerical Errors by Leave to Amend is DENIED as moot, Dkt. No. 10.
4. This dismissal constitutes a strike against Mr. Brooks under 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25 (2020).
5. The Clerk is directed to send copies of this Order to Mr. Brooks and to Judge Vaughan.

Dated this 10th day of April, 2023.

Lauren King
United States District Judge